UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO BONAFICIO BUENO,

Plaintiff,

-against-

COVENANT HOUSE,

Defendant.

26-CV-9295 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. The complaint could also be construed as asserting claims under 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. Plaintiff alleges that his employer discriminated against him based on his race and national origin, and retaliated against him for engaging in union activity. By order dated October 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Plaintiff has been granted permission to proceed IFP and therefore may rely on assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

serve all process . . . in [IFP] cases.”); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Covenant House through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (“USM-285 form”) for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff’s responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if Plaintiff’s address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Covenant House, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated: October 28, 2026
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR DEFENDANT**

Covenant House
460 West 41st Street
New York, N.Y. 10036